UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT SINGH, | No. 2: 19-cv-2048 KJN P |
| Plaintiff, | |
| v. | ORDER |
| AGUILERA NICOLAS, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for a settlement conference before Magistrate Judge Claire on October 29, 2020.

Pending before the court is plaintiff's motion to quash or modify a subpoena. (ECF No. 26.) For the reasons stated herein, plaintiff's motion is granted in part and denied in part.

<u>Plaintiff's Claims</u>

This action proceeds on plaintiff's original complaint against defendant Dr. Nicolas. (ECF No. 1.) Plaintiff alleges that defendant Nicolas violated plaintiff's Eighth Amendment right to adequate medical care. Plaintiff alleges that in May or June 2017, he went to defendant Nicolas seeking treatment for pain and a discharge in his left ear. Plaintiff alleges that defendant Nicolas did not do any lab tests of his left ear and failed to treat plaintiff for an ear infection. Plaintiff alleges that as a result of defendant Nicolas's failure to treat the infection in his left ear,

his left eardrum is 80% perforated and he occasionally suffers from ear pain, ear discharge, discomfort and a hearing disability. Plaintiff alleges that according to a GNT specialist, plaintiff suffers from moderate to severe hearing loss in his left ear and needs surgery.

Plaintiff also alleges that defendant Nicolas failed to treat plaintiff's ear pain and related headaches in July 2018.

As relief, plaintiff seeks money damages and surgery to be performed on his left ear.

Motion to Quash

Plaintiff alleges that defendant Nicolas served a subpoena in which he seeks all of plaintiff's medical records from 2017 to 2019. (ECF No. 26.) Plaintiff argues that defendant Nicolas is entitled only to his medical records related to his left ear infections and treatment of his left ear. Plaintiff requests that the subpoena be either quashed or modified so that only medical records related to the claims alleged in the complaint are produced.

In the opposition to the motion to quash, defendant Nicolas states that defense counsel subpoenaed plaintiff's medical records from January 1, 2017 through December 2019. (ECF No. 28.) Defendant argues that plaintiff waived his privacy rights in his medical records when he filed a lawsuit alleging that defendant provided inadequate medical care.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Proportionality is a matter of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"The question of whether defendant[] should obtain access to plaintiff's medical records depends upon whether the confidentiality of these records was waived by putting privileged information 'at issue.'" Warner v. Velardi, 2017 WL 3387723, at *2 (S.D. Cal. Aug. 7. 2017) (citing Fritch v. City of Chula Vista, 187 F.R.D. 614, 625-26 (S.D. Cal. 1999), modified on other

1  grounds, 196 F.R.D. 562 (S.D. Cal. 1999); Ferrell v. Glen-Gery Brick, 678 F.Supp. 111, 112-13
2  (E.D. Pa. 1987) ("when a party places his or her physical or mental condition in issue, the privacy
3  right is waived.").) "Privacy rights in medical records are neither fundamental nor absolute." Id.
4  (citing Whalen v. Roe, 429 U.S. 589, 603-04 (1977).) "The holder of a privacy right can waive it
5  through a variety of acts, including by instituting a lawsuit." Id. "Where an individual institutes
6  a lawsuit in which his health and medical records are at issue, release of the records would likely
7  be ordered, even over objection." Id. (citing Williams v. Baron, 2007 WL 433120, at *1 (E.D.
8  Cal. Feb. 5, 2007).) "When the requested documents are relevant to an action, they must be
9  produced unless they are privileged." Id. (citing Fed. R. Civ. P. 26(b)(1).)

10  At the outset, the undersigned observes that defendant seeks only plaintiff's medical
11  records and not plaintiff's mental health records.

12  The undersigned agrees that plaintiff waived his privacy rights regarding the medical
13  records related to the claims raised in his complaint when he filed this lawsuit. Thus, defendant is
14  entitled to medical records related to plaintiff's left ear from January 1, 2017, through December
15  2019. However, defendant has "stated no good cause reason to produce medical records other
16  than those pertaining to" plaintiff's left ear. Id., at *3. In other words, defendant has not
17  addressed how plaintiff's medical records, other than those related to his left ear, are relevant or
18  would lead to relevant information. For these reasons, plaintiff's motion to quash/modify the
19  subpoena is granted. The undersigned orders the custodian of plaintiff's medical records to
20  produce plaintiff's medical record pertaining to his left ear and any related treatment.

21  In the motion to quash, plaintiff also requests that defendant Nicolas disclose all medical
22  lawsuits filed against him and all judgements against him. In the opposition to the pending
23  motion, defendant argues that a motion to quash is not the proper discovery method for obtaining
24  documents. The undersigned agrees. Accordingly, plaintiff's motion for defendant to produce all
25  lawsuits and judgments filed against him is denied.
26  ////
27  ////
28  ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to quash/modify the subpoena (ECF No. 26) is denied as to plaintiff's request for production of lawsuits and judgments filed against defendant; plaintiff's motion is granted as to the request that the subpoena for all his medical records be modified;
2. Within twenty-one days of the date of this order, the Custodian of Plaintiff's Medical Records shall release to defendant Nicolas plaintiff's medical records from January 1, 2017, through December 2019 only as they pertain to treatment of plaintiff's left ear and any related diagnosis or treatment.

Dated: August 11, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Singh2048.sub