UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BALJIT SINGH,

    Plaintiff,

v.

NICOLAS AGUILERA, et al.,

    Defendants.

No. 2: 19-cv-2048 KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff and defendant Nicolas Aguilera consented to the jurisdiction of the undersigned.

Pending before the court is plaintiff's unopposed motion for leave to file an amended complaint. (ECF No. 50.) For the reasons stated herein, plaintiff's motion to file an amended complaint is granted.

Discussion

*Original Complaint and Proposed Amended Complaint*

This action proceeds on plaintiff's original complaint filed October 12, 2019, as to defendant Aguilera. (ECF No. 1.) Plaintiff alleges that in June 2017, at the California Medical Facility ("CMF"), defendant Aguilera provided inadequate medical care in violation of the Eighth Amendment by failing to treat an infection in plaintiff's left ear. Plaintiff alleges that defendant's

failure to treat his left ear infection caused plaintiff to suffer severe hearing loss in his left ear. Plaintiff also alleges that defendant failed to treat plaintiff's left ear pain and headaches in July 2018.

The proposed amended complaint includes the same allegations against defendant Aguilera as contained in the original complaint. (ECF No. 51 at 3-4.) The proposed amended complaint names two new defendants: Dr. Ullery and W. Vaughn. (Id. at 2.) Plaintiff alleges that after he (plaintiff) arrived at Mule Creek State Prison ("MCSP") in March 2019, defendant Ullery failed to send plaintiff to an ENT specialist appointment at Highland Medical Center in Oakland for surgery on his left ear. (Id. at 5.) Plaintiff alleges that this surgery was already approved by CMF. (Id.)

Plaintiff alleges that defendant Ullery also failed to follow the recommendations of a previous ENT specialist, Dr. Murton at Twin Cities Community Hospital, for plaintiff to have surgery within a certain time frame. (Id.) Plaintiff alleges that as a result of the delay in his surgery, on April 7, 2021 an ENT specialist at the Highland Medical Center informed plaintiff that the surgery could not be performed due to the delay. (Id.) The ENT specialist told plaintiff that because his ear injury had progressed to 100% total perforation, the ENT specialist had to refer plaintiff to UCSF for surgery. (Id.)

Plaintiff alleges that defendant Vaughn, the MCSP Chief Physician and Surgeon, failed to look into plaintiff's complaints during the health care grievance process, causing further delay to plaintiff's left ear surgery. (Id.)

*Legal Standards*

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15 distinguishes between supplementing and amending a complaint. "In an amended complaint, a party may replead or add facts or claims arising prior to or contemporaneously with the allegations of the original complaint." Sanford v. Eaton, 2020 WL 6484099, at *1 (E.D. Cal. Nov. 4, 2020) (citing United States v. Hicks, 283 F.3d 380, 385 (D.C.

2

Cir. 2002); Flaherty v. Lang, 199 F.3d 607, 613 n.3 (2d. Cir. 1999)). A supplemental complaint addresses matters occurring after the original complaint is filed. Fed. R. Civ. P. 15(d).

Because plaintiff's proposed amendments involve matters occurring after the original complaint was filed, the undersigned construes the pending motion as a motion to file a supplemental complaint.

"Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). "In deciding whether to permit a supplemental pleading, a court's focus is on judicial efficiency." Yates v. Auto City 76, 299 F.R.D. 611, 613 (N.D. Cal. 2013) (citing Planned Parenthood of S. Az. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997)). The use of supplemental pleadings is "favored" because it enables a court to award complete relief in one action "to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." Keith, 858 F.2d at 473 (citing New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 28–29 (4th Cir. 1963), cert. denied, 367 U.S. 963 (1964); Yates, 299 F.R.D. at 613 (citation omitted)). The Supreme Court has stated that new claims, new parties, and events occurring after the original action are all properly permitted under Rule 15(d). Keith, 858 F.2d at 475 (citing Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 226–27 (1964)). Moreover, even though supplemental proceedings are "favored," they "cannot be used to introduce a separate, distinct, and new cause of action." Neely, 130 F.3d at 402 (citations omitted). Rather, matters newly alleged in a supplemental complaint must have "some relation to the claims set forth in the original pleading." Keith, 858 F.2d at 474. "[T]he fact that a supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of discretion..." Id.

"The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for granting or denying a motion under Rule 15(a)." Yates, 299 F.R.D. at 614 (citing Athena Feminine Techs., Inc. v. Wilkes, 2013 WL 450147, at *2 (N.D. Cal. Feb. 6, 2013)) (internal quotations omitted). Courts commonly apply the five Foman factors to Rule 15(d) motions: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure of previous amendments; (4) undue prejudice to the opposing party; and (5)

futility of the amendment. Lyon v. U.S. Immigr. & Customs Enf't, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Natural Resources Defense Council v. Kempthorne, 2016 WL 8678051 (E.D. Cal. Apr. 22, 2016). Among these five factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice or a 'strong showing' of any other Foman factor, there is a presumption in favor of granting leave to supplement." Lyon, 308 F.R.D. at 214 (citing Eminence Capital, LLC, 316 F.3d at 1052)). Supplementation should be permitted where doing so would serve Rule 15(d)'s goal of judicial efficiency, and a court should assess whether an entire controversy can be settled in one action. See Neely, 130 F.3d at 402.

*Analysis*

At the outset, the undersigned observes that plaintiff's proposed new claims against new defendants Ullery and Vaughn are related to the original claims against defendant Aguilera. The claims against all three defendants concern the treatment of plaintiff's left ear following the 2017 ear infection.

Turning to the first Foman factor, plaintiff alleges that defendants Ullery and Vaughn delayed his left ear surgery following his transfer to MCSP in March 2019. Plaintiff alleges that in April 2021 he discovered that the surgery could not be performed due to these delays. Based on these circumstances, the undersigned does not find that plaintiff unduly delayed in raising his claims against defendants Ullery and Vaughn in the proposed supplemental complaint.

Turning to the second Foman factor, the undersigned does not find that plaintiff acted in bad faith or with dilatory motive in filing his proposed supplemental complaint. Because plaintiff has not previously amended or supplemented his complaint, the undersigned finds that the third Foman factor weighs in plaintiff's favor. Based on defendant Aguilera's failure to oppose plaintiff's motion to file a supplemental complaint, the undersigned finds that defendant has not demonstrated prejudice.[1] As for the fifth Foman factor, the undersigned finds that plaintiff's

---

[1] Following an unsuccessful settlement conference, the undersigned issued a discovery and scheduling order on March 12, 2021. (ECF No. 47.) The discovery deadline for plaintiff and

4

proposed supplemental complaint states potentially colorable claims for relief against defendants Ullery and Vaughn. Therefore, amendment is not futile.

Accordingly, for the reasons discussed above, plaintiff's motion to file a supplemental complaint is granted. The undersigned orders service of defendants Ullery and Vaughn by separate order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 50), construed as a motion to file a supplemental complaint, is granted;
2. Within twenty-one days of the date of this order, defendant Aguilera shall file a response to the supplemental complaint.

Dated: July 14, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sing2048.ord

---

defendant Aguilera is July 16, 2021 and the dispositive motion deadline is October 8, 2021. (Id.) Allowing new defendants will delay resolution of this action, although not significantly.