UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT SINGH, | No. 2: 19-cv-2048 KJN P |
| Plaintiff, | |
| v. | ORDER |
| AGUILERA NICOLAS, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's unopposed motion to quash/modify a subpoena filed September 9, 2021. (ECF No. 62.) For the reasons stated herein, plaintiff's motion is granted.

Plaintiff's Claims

This action proceeds on plaintiff's amended complaint filed June 14, 2021 against defendants Aguilera, Ullery and Vaughn. (ECF No. 51.)

Plaintiff alleges that defendant Aguilera's failure to treat his left ear infection caused plaintiff to suffer hearing loss in his left ear. Plaintiff also alleges that defendant Aguilera failed to treat plaintiff's left ear pain and headaches in July 2018.

Plaintiff alleges that after he arrived at MCSP in March 2019, defendant Ullery failed to send plaintiff to an ENT specialist appointment at Highland Medical Center in Oakland for

1

surgery on his left ear. Plaintiff alleges that this surgery was already approved by CMF.

Plaintiff alleges that defendant Ullery failed to follow the recommendations from a previous ENT specialist, Dr. Murton at Twin Cities Community Hospital, for plaintiff to have surgery within a certain time frame. Plaintiff alleges that as a result of the delay in his surgery, on April 7, 2021, an ENT specialist at the Highland Medical Center informed plaintiff that the surgery could not be performed due to the delay. The ENT specialist told plaintiff that because his ear had progressed to 100% perforation, the ENT specialist had to refer plaintiff to UCSF for surgery.

Motion to Quash

Plaintiff alleges that defendants served him with a subpoena dated August 24, 2021, seeking his medical records from March 4, 2021, to the present date. Plaintiff argues that defendants are not entitled to his medical records unrelated to the treatment of his left ear. Plaintiff contends that the undersigned previously ordered that defendants were only entitled to his medical records pertaining to the treatment and diagnosis of his left ear. Plaintiff requests that the August 24, 2021 subpoena be modified so that defendants receive only his records from March 4, 2021, to the present related to his left ear.

On May 26, 2020, plaintiff filed a motion to quash or modify a subpoena served by defendant Aguilera seeking all of plaintiff's medical records from 2017 through 2019. (ECF No. 26.) Plaintiff argued that defendant was entitled only to his medical records related to his left ear infections and treatment of his left ear. (Id.)

On August 11, 2020, the undersigned granted plaintiff's May 26, 2020 motion to modify the subpoena:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Proportionality is a matter of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ.

1       P. 26(b)(1).

2       "The question of whether defendant[] should obtain access to plaintiff's medical records depends upon whether the confidentiality of these records was waived by putting privileged information 'at issue.'" Warner v. Velardi, 2017 WL 3387723, at *2 (S.D. Cal. Aug. 7. 2017) (citing Fritch v. City of Chula Vista, 187 F.R.D. 614, 625-26 (S.D. Cal. 1999), modified on other grounds, 196 F.R.D. 562 (S.D. Cal. 1999); Ferrell v. Glen-Gery Brick, 678 F.Supp. 111, 112-13 (E.D. Pa. 1987) ("when a party places his or her physical or mental condition in issue, the privacy right is waived.").) "Privacy rights in medical records are neither fundamental nor absolute." Id. (citing Whalen v. Roe, 429 U.S. 589, 603-04 (1977).) "The holder of a privacy right can waive it through a variety of acts, including by instituting a lawsuit." Id. "Where an individual institutes a lawsuit in which his health and medical records are at issue, release of the records would likely be ordered, even over objection." Id. (citing Williams v. Baron, 2007 WL 433120, at *1 (E.D. Cal. Feb. 5, 2007).) "When the requested documents are relevant to an action, they must be produced unless they are privileged." Id. (citing Fed. R. Civ. P. 26(b)(1).)

      At the outset, the undersigned observes that defendant seeks only plaintiff's medical records and not plaintiff's mental health records.

      The undersigned agrees that plaintiff waived his privacy rights regarding the medical records related to the claims raised in his complaint when he filed this lawsuit. Thus, defendant is entitled to medical records related to plaintiff's left ear from January 1, 2017, through December 2019. However, defendant has "stated no good cause reason to produce medical records other than those pertaining to" plaintiff's left ear. Id., at *3. In other words, defendant has not addressed how plaintiff's medical records, other than those related to his left ear, are relevant or would lead to relevant information. For these reasons, plaintiff's motion to quash/modify the subpoena is granted. The undersigned orders the custodian of plaintiff's medical records to produce plaintiff's medical record pertaining to his left ear and any related treatment.

(ECF No. 34 at 2-3.)

      As discussed above, defendants failed to oppose the pending motion to quash/modify the subpoena. Therefore, defendants have not demonstrated how plaintiff's medical records, other than those related to his left ear, are relevant or would lead to relevant information. Accordingly, plaintiff's motion to quash/modify the subpoena is granted. The undersigned orders the custodian of plaintiff's medical records to produce only plaintiff's medical records pertaining to his left ear and any related treatment.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify/quash the subpoena (ECF No. 62) is granted as to the request that the subpoena for all of his medical records from March 4, 2021, to the present is modified;

2. Within twenty-one days of the date of this order, the Custodian of Plaintiff's Medical Records shall release to defendants plaintiff's medical records from March 4, 2021, to the present only as they pertain to the treatment of plaintiff's left ear and any related diagnosis.

Dated: October 6, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Singh2048.sub(2)

4