UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT SINGH,<br><br>   Plaintiff,<br><br>   v.<br><br>NICOLAS AGUILERA, et al.,<br><br>   Defendants. | No.  2: 19-cv-2048 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief filed September 17, 2021.  (ECF No. 63.)  On October 19, 2021, defendants filed the declaration of defendant Vaughn in support of their opposition to plaintiff's motion for a preliminary injunction.  (ECF No. 69-1.)

Defendant Vaughn's declaration is not dated.  (Id. at 4.)  Accordingly, defendants are ordered to file an amended, dated declaration by defendant Vaughn.

For the reasons stated herein, in the amended declaration, defendant Vaughn shall also clarify whether Dr. Yee is able to perform the left tympanoplasty at the same time as the OCR surgery.  Defendants shall also address where Dr. Yee intends to perform plaintiff's surgery.

////

1

Plaintiff's Motion for Injunctive Relief

In the pending motion for injunctive relief, plaintiff requests that defendants be ordered to send plaintiff to UCSF for the surgical evaluation/surgery as discussed in the April 7, 2021 medical record from Alameda Health System. (ECF No. 63 at 2.)

Attached to plaintiff's motion is a medical record dated April 7, 2021, by Dr. Klosterman stating, in relevant part,

> On evaluation today, near complete perforation will not be able to be fixed here at Highland, especially if OCR is needed at the same time. Therefore, will have facility refer patient to UCSF Otology for further surgical evaluation.

(Id. at 3.)

Defendants' Response to Plaintiff's Motion

In support of their response to plaintiff's pending motion, defendants filed the declaration of defendant Vaughn. (ECF No. 69-1.) Defendant Vaughn states that on April 7, 2021, Highland Hospital ENT physician Dr. Tristan B. Klosterman examined plaintiff's left eardrum. (Id. at 2.) Dr. Klosterman noted the perforation of the left tympanic membrane. (Id.) He recommended plaintiff's referral to UCSF Otology for surgical evaluation because the near-complete perforation could not be fixed at Highland Hospital, especially if OCR (ossicular chain reconstruction) was needed. (Id.) When tympanoplasty and OCR are done together, the doctor will close the hole in the eardrum and reconstruct the ossicles in the middle ear at the same time. (Id. at 2-3.) Some medical facilities are not equipped to handle such a procedure. (Id. at 3.)

On April 15, 2021, plaintiff's primary care physician, Dr. Vasuki Daram, put in a Request for Services (RFS) as medium priority (15 to 45 days) for a CT maxillofacial scan; sleep study; and surgical evaluation at UCSF for left ear tympanoplasty. (Id.)

On May 4, 2021, in response to Dr. Daram's RFS, RN Rosamond Navarette wrote that the referral was sent to multiple ENT providers, including UC Davis. (Id.) Dr. James Yee accepted the referral and scheduled plaintiff for June 15, 2021, which was the soonest available. (Id.) Other providers did not respond; and UC Davis did not have an opening until August 2021. (Id.) In his declaration, defendant Vaughn states that it was his understanding that UCSF was not

1  returning calls for inmate-patient referrals.  (Id.)  Dr. Yee, who is a Board-certified
2  otolaryngologist with 40 years of experience, indicated that he could do the procedure
3  recommended by the Highland Hospital ENT.  (Id.)

4  On June 15, 2021, Dr. Yee saw plaintiff for surgical consultation and evaluation.  (Id.)
5  The notes indicate that Dr. Yee ordered a CT maxillofacial scan and discussed indications for a
6  left-sided tympanoplasty, possible stapedectomy (surgery to remove a small bone, called the
7  stapes, from the middle ear) or mastoidectomy (surgery to remove cells in the hollow, air-filled
8  spaces in the skull behind the ear within the mastoid bone).  (Id.)  Dr. Yee explained the risks and
9  benefits of the procedures, discussed CT findings with plaintiff and informed him that he would
10 be a good candidate for a left tympanoplasty.  (Id.)  Dr. Yee indicated plaintiff could consider
11 stapedectomy in the future if the tympanoplasty was successful.  (Id.)  Dr. Yee further advised
12 plaintiff to see a dentist for an infected tooth and ordered ten days of the antibiotic medication,
13 Augmentin.  (Id.)  Dr. Yee scheduled plaintiff to return in six weeks for a repeat CT and H & P
14 (history and physical) to prepare for a left ear tympanoplasty.  (Id.)

15 On July 21, 2021, plaintiff was seen for a follow-up by his primary care doctor, Dr.
16 Vasuki Daram.  (Id.)  Dr. Daram noted that plaintiff wanted to be seen at UCSF because plaintiff
17 thought the treatment proposed by Dr. Yee was different from the treatment proposed by Dr.
18 Klosterman at Highland Hospital.  (Id.)  Plaintiff insisted on a third opinion (Dr. Klosterman, Dr.
19 Yee, and UCSF); thus, Dr. Daram placed the referral for UCSF.  (Id.)

20 On July 26, 2021, RN Navarette spoke with Dr. Yee who confirmed that he could do the
21 tympanoplasty and partial OCR (middle ear bone surgery) as recommended by Dr. Klosterman at
22 Highland Hospital.  (Id. at 4.)  RN Navarette notified Chief Physician & Surgeon Dr. Ashe.  (Id.)
23 Per Dr. Ashe's direction, plaintiff was referred back to Dr. Yee for the procedure, as there was no
24 need for tertiary care referral.  (Id.)

25 In his declaration, defendant Vaughn states that based on his review of the electronic
26 records, on September 22, 2021, RN Steven Thor spoke with UCSF Otology about referring
27 plaintiff.  (Id.)  UCSF indicated that it was not taking incarcerated patients "at this time."  (Id.)
28 RN Thor informed RN Navarette and Dr. Daram of the same.  (Id.)  "As of today, UCSF is still

not taking incarcerated patients."[1] (Id.) On October 4, 2021, plaintiff met with his primary care physician and indicated that he would refuse to follow up with Dr. Yee regarding surgery. (Id.)

Defendant Vaughn states that under California Correctional Health Care Services policy, inmates may not be selective in the choice of contracted providers. (Id.) Dr. Yee is a Board-certified specialist with four decades experience. (Id.) There is nothing to indicate that Dr. Yee's treatment plan and skill level will not meet the standard of care for treating patients with plaintiff's injuries. (Id.)

Plaintiff's Reply

In his reply, plaintiff alleges that the surgery Dr. Yee proposed on June 15, 2021, is not the same surgery recommended at Highland Medical Center by Dr. Klosterman. (ECF No. 72 at 1.) Plaintiff also observes that in his report, Dr. Klosterman wrote that "some medical facilities are not equipped" to handle performing the tympanoplasty and OCR at the same time. (Id. at 2.) Plaintiff expresses concern about Dr. Yee's ability to perform these procedures at the same time if Highland Hospital is not equipped to perform these procedures at the same time.

Discussion

As stated above, in his report, Dr. Klosterman at Highland Hospital referred plaintiff to UCSF because "the near complete perforation will not be able to be fixed here at Highland, especially if OCR is needed at the same time." (ECF No. 69-1 at 6.) The notes from Dr. Daram's July 21, 2021 examination state, "Clarified from Dr. Yee's office (Rhys) that Dr. Yee can do partial OCR as recommended by Highland ENT." (Id. at 16.)

While Dr. Daram's notes indicate that Dr. Yee is able to perform the OCR, it is not clear from Dr. Vaughn's declaration and the attached exhibits whether Dr. Yee can perform the tympanoplasty at the same time as the OCR, if needed, as discussed by Dr. Klosterman in his report. As discussed above, not all facilities are equipped to perform these procedures together.

Accordingly, in the amended declaration, defendant Vaughn shall clarify whether Dr. Yee is able to perform the OCR, if needed, at the same time as the tympanoplasty. If Dr. Yee is able

---

[1] Because defendant Vaughn's declaration is not dated, the "today" to which he refers in his declaration is not clear.

to perform these procedures at the same time, defendant Vaughn shall clarify that the hospital/clinic where Dr. Yee intends to perform these surgeries is equipped to perform both surgeries at the same time. If Dr. Yee is unable to perform these procedures together, defendant Vaughn shall address the plan for plaintiff's surgeries.

Accordingly, IT HEREBY ORDERED that defendants shall file an amended declaration by defendant Vaughn, as discussed above, within fourteen days of the date of this order.

Dated: November 12, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Singh2048.fb