1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11       BALJIT SINGH,                                    No.  2: 19-cv-2048 KJN P

12                    Plaintiff,

13              v.                                        ORDER

14       NICOLAS AGUILERA, et al.,

15                    Defendants.

16

17              Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18       to 42 U.S.C. § 1983.  The parties consented to the jurisdiction of the undersigned.  (ECF No. 36.)

19       Pending before the court is plaintiff's motion for injunctive relief.  (ECF No. 63.)  For the reasons

20       stated herein, plaintiff's motion is denied.

21       Legal Standard for Injunctive Relief

22              A party seeking preliminary injunctive relief must demonstrate: (1) "that he is likely to

23       succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of

24       preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction

25       [or temporary restraining order] is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d

26       1109, 1127 (9th Cir. 2009) (quoting Winter v. NRDC, 555 U.S. 7, 20 (2008)).  The party must

27       present evidence sufficient to carry his or her burden of persuasion on each requirement by a clear

28       showing.  Towery v. Brewer, 672 F.3d 650, 657 (9th Cir. 2012) (citations omitted); Winter, 555

                                                         1

1    U.S. at 22 (explaining that a preliminary injunction can issue only on "a clear showing that the

2    plaintiff is entitled to such relief").

3    <u>Allegations in Amended Complaint</u>

4        This action proceeds on plaintiff's amended complaint filed June 14, 2021, against

5    defendants Aguilera, Ullery and Vaughn.  (ECF No. 51.)  Plaintiff alleges that defendant Aguilera

6    is a medical doctor employed at the California Medical Facility ("CMF").  (<u>Id.</u> at 2.)  Plaintiff

7    alleges that defendant Ullery is a medical doctor employed at Mule Creek State Prison ("MCSP").

8    (<u>Id.</u>)  Plaintiff alleges that defendant Vaughn is the Chief Physician and Surgeon at MCSP.  (<u>Id.</u>)

9    Plaintiff is incarcerated at MCSP.

10        Plaintiff alleges that defendant Aguilera's failure to treat his left ear infection caused

11    plaintiff to suffer hearing loss in his left ear.  Plaintiff also alleges that defendant Aguilera failed

12    to treat plaintiff's left ear pain and headaches in July 2018.  (<u>Id.</u> at 3-4.)

13        Plaintiff alleges that after he arrived at MCSP in March 2019, defendant Ullery failed to

14    send plaintiff to an ENT specialist appointment at Highland Medical Center in Oakland for

15    surgery on his left ear.  (<u>Id.</u> at 5.)  Plaintiff alleges that this surgery was already approved by

16    CMF.  (<u>Id.</u>)

17        Plaintiff alleges that defendant Ullery failed to follow the recommendations of a previous

18    ENT specialist, Dr. Murton at Twin Cities Community Hospital, for plaintiff to have surgery

19    within a certain time frame.  (<u>Id.</u>)  Plaintiff alleges that as a result of the delay in his surgery, on

20    April 7, 2021, an ENT specialist at the Highland Medical Center informed plaintiff that the

21    surgery could not be performed due to the delay.  (<u>Id.</u>)  The ENT specialist told plaintiff that

22    because his ear had progressed to 100% perforation, the ENT specialist had to refer plaintiff to

23    UCSF for surgery.  (<u>Id.</u>)

24        Attached to the amended complaint is a medical record prepared by Dr. Klosterman from

25    Alameda Health System dated April 7, 2021.  (<u>Id.</u> at 7.)  This record states, in relevant part,

26
27
28

> On evaluation today, near complete perforation will not be able to be fixed here at Highland, especially if OCR is needed at the same time. Therefore, will have facility refer patient to UCSF Otology for further surgical evaluation.

1 (Id.)

2    In the amended complaint, plaintiff requests that he receive left ear surgery at UCSF.  (Id.

3 at 6.)

4 Plaintiff's Motion for Injunctive Relief

5    In the pending motion for injunctive relief, filed September 17, 2021, plaintiff requests

6 that defendants be ordered to send plaintiff to UCSF for the surgical evaluation/surgery discussed

7 by Dr. Klosterman in the April 7, 2021 medical record from Alameda Health System.  (ECF No.

8 63 at 2.)

9 Defendants' Response to Plaintiff's Motion

10    On September 20, 2021, the undersigned ordered defendants Ullery and Vaughn to file a

11 response to plaintiff's motion for injunctive relief.  (ECF No. 64.)

12    In support of the response to plaintiff's motion for injunctive relief, defendants filed the

13 undated declaration of defendant Vaughn.  (ECF No. 69-1.)  On November 12, 2021, the

14 undersigned ordered defendants to file an amended, dated declaration by defendant Vaughn.

15 (ECF No. 73.)  The undersigned also ordered defendant Vaughn to clarify in the amended

16 declaration whether Dr. Yee is able to perform the left tympanoplasty at the same time as the

17 OCR surgery.  (Id.)  The undersigned also ordered defendant Vaughn to address where Dr. Yee

18 intends to perform plaintiff's surgery.  (Id.)

19    On November 24, 2021, defendants filed a response to the November 12, 2021 order.

20 (ECF No. 75.)  Defendants state that defendant Vaughn was not available to sign an amended

21 declaration.  (Id. at 2.)  For this reason, defendants submitted the declaration of defendant Ullery.

22 (Id.)  The undersigned discusses defendant Ullery's declaration herein.

23    Defendant Ullery states that on June 15, 2021, Dr. Yee saw plaintiff for surgical

24 consultation and evaluation.  (ECF No. 76 at 2.)  Dr. Yee is a Board-certified otolaryngologist in

25 private practice.  (Id.)  The notes from June 15, 2021, indicate that Dr. Yee ordered a

26 maxillofacial scan and discussed indications for a left-sided tympanoplasty, possible

27 stapedectomy (surgery to remove a small bone, called the stapes from the middle ear) or

28 mastoidectomy (surgery to remove cells in the hollow, air-filled spaces in the skull behind the ear

1  within the mastoid bone).  (Id.)  Dr. Yee explained the risk and benefits of the procedures,

2  discussed CT findings with plaintiff and informed plaintiff that he would be a good candidate for

3  a left tympanoplasty.  (Id.)  Dr. Yee indicated plaintiff could consider stapedectomy in the future

4  if the tympanoplasty was successful.  (Id.)  Dr. Yee further advised plaintiff to see a dentist for an

5  infected tooth and ordered ten days of antibiotic medication, Augmentin.  (Id.)  Dr. Yee scheduled

6  plaintiff to return in six weeks for a repeat CT and H & P (history and physical) to prepare for a

7  left ear tympanoplasty.  (Id.)

8          On July 21, 2021, plaintiff was seen for a follow-up by his primary care physician, Dr.

9  Vasuki Daram.  (Id. at 3.)  Dr. Daram noted that plaintiff wanted to be seen at UCSF because

10  plaintiff thought that the treatment proposed by Dr. Yee was different from the treatment

11  proposed by Dr. Klosterman at Highland Hospital.  (Id.)  Plaintiff insisted on a third opinion (Dr.

12  Klosterman, Dr. Yee and UCSF).  (Id.)  Thus, Dr. Daram placed the referral for UCSF.  (Id.)

13          On July 26, 2021, RN Navarette spoke with Dr. Yee who confirmed that he could do the

14  tympanoplasty and the partial OCR (ossicular chain reconstruction or middle ear bone surgery) as

15  recommended by Dr. Klosterman at Highland Hospital.  (Id.)  RN Navarette notified Chief

16  Physician & Surgeon Dr. Ashe.  (Id.)  Per Dr. Ashe's direction, plaintiff was referred back to Dr.

17  Yee for the procedure, as there was no need for tertiary care referral.  (Id.)

18          In his declaration, Dr. Ullery states that based on his review of the records and knowledge

19  of the treatment plan, "I can confirm that Dr. Yee is able to perform the OCR at the same time as

20  the tympanoplasty; and that the hospital where Dr. Yee will perform the surgeries is equipped to

21  perform both surgeries at the same time."  (Id.)  Dr. Ullery states that, "[W]hen I was in private

22  practice, my office referred complex ENT surgeries to Dr. Yee for consultation, including

23  tympanoplasty and OCR."  (Id.)

24          Dr. Ullery states that on September 22, 2021, RN Steven Thor spoke with UCSF Otology

25  about referring plaintiff.  (Id.)  UCSF indicated that it was not taking incarcerated patients at this

26  time.  (Id.)  RN Thor informed RN Navarette and Dr. Daram of the same.  (Id.)  As of November

27  24, 2021, UCSF is still not taking incarcerated patients.  (Id.)

28  ////

Plaintiff's Reply

In his reply, plaintiff contends that on June 15, 2021, Dr. Yee proposed a surgery "that is totally different" from the procedure proposed and recommended at Highland Medical Center. (ECF No. 72 at 1.)  Plaintiff contends that Dr. Yee proposed doing the tympanoplasty first and, apparently, waiting to perform the OCR surgery.  (Id.)  Plaintiff alleges that Dr. Yee told him that if the tympanoplasty is successful, then he will later remove the tympanoplasty and put a metal piece in place of the bone, and then perform another tympanoplasty.  (Id.)  Plaintiff alleges that he does not want a piece of metal placed in his ear.  (Id.)

In the reply, plaintiff also contends that the surgery he requires is so complicated that Highland Hospital could not perform the surgery.  (Id.)  Plaintiff argues that Dr. Yee is not "equipped" to do the tympanoplasty and OCR together.  (Id. at 2.)  Plaintiff requests that he receive this surgery at either UCSF or UC Davis.  (Id.)

Discussion

At the outset, the undersigned finds that the court cannot order UCSF to accept plaintiff for surgery, when they are not taking incarcerated patients, because UCSF is not a party to this action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  For this reason, plaintiff's motion for an order directing defendants to send him to UCSF for the surgeries is denied.

The undersigned next considers plaintiff's request to be sent to UC Davis for the surgeries, raised in his reply.  The declaration of defendant Ullery demonstrates that Dr. Yee is capable of performing the tympanoplasty and OCR surgeries at the same time.  The declaration of defendant Ullery also demonstrates that the hospital where Dr. Yee will perform the surgeries is equipped to perform the surgeries at the same time.  Defendant Ullery's declaration also indicates that Dr. Yee intends to perform the tympanoplasty and OCR surgeries together, if necessary, and not the other two procedures discussed during the June 15, 2021 examination, i.e., mastoidectomy and stapedectomy.

Plaintiff presented no evidence suggesting that Dr. Yee is not qualified to perform these surgeries.

1    Because Dr. Yee is capable of performing the tympanoplasty and OCR surgeries together,

2    and intends to do so if necessary, defendants are not required to refer plaintiff to UC Davis for

3    these surgeries.  See Torricellas v. Bedford, 2017 WL 3275969, at *4 (C.D. Cal. May 10, 2017)

4    ("An inmate does not have a constitutional right to receive medical treatment from the physician

5    or other medical provider of his or her choice."); Martel v. California Dept. of Corrections, 2007

6    WL 2288316, at *5 (E.D. Cal. Aug. 8, 2007) (denial of request to be treated by doctor of choice

7    does not violate Eighth Amendment).  Accordingly, the undersigned finds that plaintiff has not

8    demonstrated that he will likely suffer irreparable harm if he is not sent to UC Davis for the

9    surgeries.[1]

10    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for injunctive relief (ECF

11    No. 63) is denied.

12    Dated:  December 1, 2021

13

14    _____
      KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

15

16

17    Singh2048.57

18

19

20

21

22

23

24

25

26    _____

27    [1] Plaintiff's suggestion that Dr. Yee did not discuss performing the tympanoplasty and OCR surgeries at the same time during the June 15, 2021 examination appears to be supported by the record.  However, it has since been confirmed that Dr. Yee is capable of performing these

28    surgeries together and intends to do so, if necessary.