1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BALJIT SINGH,                              No.  2:19-cv-02048 CSK P

12              Plaintiff,

13        v.                                    **SECOND AMENDED FURTHER**
                                                **PRETRIAL SCHEDULING ORDER**
14   NICOLAS AGUILERA,

15              Defendant.                       FPTC:   Sept. 8, 2025 at 2:00 p.m.
                                                 TRIAL:  Oct. 6, 2025 at 9:30 a.m.
16

17

18        Plaintiff Baljit Singh is a state prisoner, proceeding through counsel with a civil rights

19   action pursuant to 42 U.S.C. § 1983 against defendant Dr. Nicolas Aguilera, the sole remaining

20   defendant.[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the

21   consent of all parties.  (ECF No. 36.)

22        After reaching an agreement to resolve this action in principle, the parties were not able to

23   finalize a settlement agreement.  (ECF Nos. 140, 142, 143.)  The Court therefore issues the

24   following Second Amended Further Pretrial Scheduling Order, which supersedes the December 6,

25   2024 Amended Further Pretrial Scheduling Order (ECF No. 129) as to any trial-related deadlines

26

27   _____

     [1]  Defendants Michael Ullery and W. Vaughn were dismissed after the Court granted both
28   defendants summary judgment.  (See ECF No. 95.)

                                              1

and requirements.  This order sets deadlines and other requirements for trial-related documents, including trial briefs and proposed voir dire, jury instructions, and verdict forms.

## I.  FINAL PRETRIAL CONFERENCE & TRIAL

### A.  Final Pretrial Conference

The final pretrial conference ("FPTC") is set for **September 8, 2025** at 2:00 p.m. in Courtroom No. 25 before Judge Kim.  (See ECF No. 120.)  Trial counsel must appear at the final pretrial conference.  At the final pretrial conference, the Court will set the deadlines for other trial-related deadlines, including the submission of exhibits.

### B.  Joint Pretrial Statement

The parties shall file a **joint** pretrial statement pursuant to Local Rule 281(a)(2).  The joint pretrial statement must be filed no later than the **close of business** twenty-one (21) days before the date set for the final pretrial conference and must also be emailed as a Word document to CSKorders@caed.uscourts.gov.  **Separate pretrial statements are not permitted unless a party is not represented by counsel**.

The pretrial statement must cover all topics identified in Local Rule 281 with the following additions and clarifications:

1.  Statement of the Case:  A concise, joint statement of the case must be included.

2.  Trial Length Estimate:  The parties currently estimate trial to be eight (8) days. (ECF No. 120.)  If the parties have a revised trial length estimate, it shall be provided in the joint pretrial statement.  Unless otherwise ordered, trial hours will be from 9:30 a.m. to 4:30 p.m., Monday through Friday.

3.  Procedural Status:  A concise summary of the procedural status of the case must be included, including the disposition of any motions and whether any motions are still pending.

4.  Factual Issues:  The undisputed facts and disputed factual issues shall be set forth in separate sections of the pretrial statement.  Each fact or factual issue should be numbered.  For disputed factual issues, identify the cause of action or defense to which the factual issue is related.

2

5. <u>Points of Law</u>:  In the points of law section of the pretrial statement, include the elements for each cause of action and each defense, with citation to the relevant legal authority.

6. <u>Restraints</u>:  The parties shall also identify their position and recommendation as to whether any restraints or any other measures related to Plaintiff's inmate status are needed for trial.  A hearing to make an individualized determination regarding the need for plaintiff to be shackled before the jury will be held on the first day of trial.  See <u>Claiborne v. Blauser</u>, 934 F.3d 885 (9th Cir. 2019).

7. <u>Motions In Limine</u>:  The parties shall also identify the motions in limine each party reasonably anticipates filing.

8. <u>Witnesses</u>:  Each party's witness list must be submitted as a separate attachment to the pretrial statement, and labeled as such.  The witness list must include the witness's name; the witness's title or position; whether the witness is in custody, and if so, identify the institution of custody; whether the testimony is offered in-person or by deposition; whether the witness is designated as an expert; and a concise statement of the anticipated subjects of testimony.  Pursuant to Local Rule 281, only individuals on the witness list submitted with the pretrial statement will be permitted to testify at trial, except as may be otherwise provided in the pretrial order.  The witness's address does not need to be included.

9. <u>Exhibits</u>:  Each party's exhibit list must be submitted as a separate attachment to the pretrial statement, and labeled as such. Plaintiff's exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically. **All exhibits must be individually identified with specificity**, including a reasonable amount of detail such that other parties can identify each exhibit, including exhibit name/title, document/file date, bates numbers, and a concise description of the exhibit. **Groups or categories of documents/records may not be listed as a single exhibit** (e.g., it is improper to list "Initial Disclosure Documents," "Cell phone records," etc. as a single exhibit). Pursuant to Local Rule 281, only exhibits on the

3

exhibit list submitted with the pretrial statement will be permitted to be offered at trial, except as may be otherwise provided in the pretrial order. The parties are instructed to refer to and follow the Court's Jury Trial Procedures available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/. This document includes important instructions and requirements for exhibit lists.

**C.    Motions In Limine**

Motions in limine shall be filed by the close of business fourteen (14) days before the date set for the final pretrial conference.  Any opposition shall be by the close of business filed seven (7) days before the date set for the final pretrial conference.  No replies shall be filed.

Briefing for motions in limine shall be limited to 25 pages total for each side.  Each motion in limine should be numbered and clearly identified.  For example, "Plaintiffs' Motion in Limine No. 1 Re: [subject]."  The brief shall include a table of contents at the beginning that lists each motion in limine and the page number on which the motion begins.

Briefing for oppositions/responses to motions in limine shall also be limited to 25 pages total for each side.  Each opposition/response should be numbered and clearly identified.  For example, "Defendants' Opposition to Plaintiffs' Motion in Limine No. 1 Re: [subject]."  The brief shall also include a table of contents at the beginning that lists each motion in limine opposition/response and the page number on which the opposition/response begins.

The parties should be prepared to argue their motions in limine at the final pretrial conference.  The Court will endeavor to rule on motions in limine before trial begins to assist the parties in their trial preparations.

**D.    Proposed Voir Dire, Jury Instructions, and Verdict Forms**

The parties must file proposed voir dire questions, proposed joint jury instructions, and proposed joint verdict forms by the close of business fourteen (14) days before the date set for the final pretrial conference.  The parties must also email these filings as Word documents to CSKorders@caed.uscourts.gov.  The parties should be prepared to address the proposed voir dire

4

1  questions, jury instructions, and verdict forms at the final pretrial conference.  **The parties are**

2  **instructed to refer to and follow the Court's Jury Trial Procedures** available on Judge Kim's

3  webpage on the district court's website:

4  https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-

5  judge-chi-soo-kim-csk/.  This document includes important instructions and requirements for the

6  submission of joint proposed jury instructions.

7         **E.**    **Trial Briefs**

8         Parties are not required to file trial briefs.  If a party chooses to file a trial brief, it shall not

9  be longer than five pages and shall be filed no later than the close of business fourteen (14) days

10  before the date set for the final pretrial conference.  Trial briefs shall not duplicate the contents of

11  the joint pretrial statement and proposed order.

12         **F.**    **Courtesy Copies**

13         Two binders containing courtesy copies of the Joint Pretrial Statement, witness lists,

14  exhibit lists, proposed voir dire questions, proposed joint jury instructions, proposed joint verdict

15  forms, motions in limine, and optional trial briefs must be delivered to the Clerk's office by noon

16  thirteen (13) days before the date set for the final pretrial conference.  This is the day <u>after</u> the

17  filing deadline for the proposed voir dire questions, proposed jury instructions, proposed verdict

18  forms, motions in limine, and optional trial briefs.  Parties do not need to provide courtesy copies

19  of the motion in limine oppositions.

20         All courtesy copies must be double-sided, three-hole punched at the left margin, and

21  marked with the ECF stamp (case number, document number, date, and page number) on the top

22  of each page.  These binders shall include labeled side tabs, and be clearly marked "Chambers

23  Copy – Do Not File" with Judge Kim's name, the case number, and the case name.

24         **G.**    **Trial**

25         A jury trial is set for **October 6, 2025** at 9:30 a.m. in Courtroom No. 25.  (<u>See</u> ECF No.

26  120.)  The parties estimate eight (8) days for trial.  (<u>Id.</u>)

27  ///

28  ///

## IV.    TRIAL-RELATED DEADLINES SUMMARY

A summary of the trial-related deadlines is provided below.

| Event | Deadline |
|---|---|
| Joint Pretrial Statement with Witness and Exhibit Lists Filed By | 21 days before the FPTC |
| Proposed Voir Dire Questions, Proposed <u>Joint</u> Jury Instructions, and Proposed <u>Joint</u> Verdict Forms Filed By | 14 days before the FPTC |
| Optional Trial Brief Filed By | 14 days before the FPTC |
| Motions In Limine Filed By | 14 days before the FPTC |
| Courtesy Copies Submitted By | 13 days before the FPTC |
| Motions In Limine Oppositions Filed By | **7** days before the FPTC |
| Final Pretrial Conference and Motions In Limine Hearing | **September 8, 2025** at 2:00 p.m. |
| Jury Trial (8 days) | **October 6, 2025** at 9:30 a.m. |

## V.    MODIFICATIONS OF THIS SCHEDULING ORDER

This case schedule will become final without further order of the Court unless written objections are filed within fourteen (14) days of the entry of this order. The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of Court upon a showing of "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause. Requests or stipulations to continue dispositive motion deadlines, the final pretrial conference, or trial dates must establish good cause and are not granted lightly.

Any request or stipulation to modify this scheduling order must set forth the following:

1. the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;

2. whether there have been prior requests for extensions, and whether these were granted or denied by the Court; and

6

3.  specific, concrete reasons supporting good cause for granting the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of negotiation efforts (e.g., whether a mediator has been selected, a mediation has been scheduled, etc.).

IT IS SO ORDERED.

Dated:  May 12, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Singh2048.2sch/2